2007 WY 33

**Roger Karl POOLE, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

**Nos. 05–209, 05–210.**

Supreme Court of Wyoming.

Feb. 28, 2007.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Roger Karl Poole pled guilty to one count of being a felon in possession of a firearm, a felony, and one count of reckless endangerment, a misdemeanor. On appeal, Poole challenges only the validity of his guilty plea on the firearm possession charge.[1] We affirm.

## STATEMENT OF THE ISSUES

[¶ 2] Poole advances the following issues for our review:

I. Whether the district court erred when it accepted Appellant's guilty plea without an adequate factual basis.

II. Whether Appellant's guilty plea was not knowing and voluntary due to ineffective assistance of counsel.

## FACTS

[¶ 3] Zanetta May was staying at Poole's residence while her husband was incarcerated in the county jail. In the span of approximately one week, Ms. May accrued more than $300.00 in telephone charges, which upset Poole and caused friction in their relationship. On December 19, 2004, Shannon Ramirez and Gary Sherard went to Poole's residence to remove Ms. May from the situation. Poole's brother was present in the home at the time. At some point, tensions flared and a fight ensued. Poole went to his bedroom and returned with a .22 caliber pistol. He then displayed the gun and told Ms. May, Ms. Ramirez, and Mr. Sherard to get out of his house. They immediately exited the residence. Poole and his brother followed closely behind, and the fight continued outside. Eventually, Ms. May, Ms. Ramirez, and Mr. Sherard found sanctuary inside Mr. Sherard's truck. As they attempted to drive away, Poole fired his gun. The bullet went through the truck's front driver's side fender and penetrated the front tire.

[¶ 4] In separate felony informations, the State charged Poole with the unlawful use or possession of a firearm by a convicted felon, as proscribed by Wyo. Stat. Ann. § 6–8–102 (LexisNexis 2005), and one count of felony aggravated assault with a deadly weapon, as proscribed by Wyo. Stat. Ann. § 6–2–502(a)(ii) (LexisNexis 2005). Poole subsequently accepted a plea agreement, whereby he pled guilty to being a felon in possession of a firearm and a reduced charge of reckless endangering under Wyo. Stat. Ann. § 6–2–504 (LexisNexis 2005). At the change of plea hearing, Poole assured the district court that his guilty pleas were knowingly and voluntarily entered with full understanding of

---

1. The convictions arose out of separate criminal actions in the district court. Although Poole filed two notices of appeal and different docket numbers were assigned to each case, Poole filed only one appellate brief encompassing both cases. His appellate complaints pertain solely to the conviction underlying the appeal in Docket No. 05–209.

the charges, his constitutional rights, and the consequences of his pleas. Both Poole and the State supplied a factual basis for the pleas. The district court accepted Poole's guilty pleas and, two months later, sentenced him to concurrent prison terms of one to three years on the firearm conviction and one year on the reckless endangering conviction. This appeal followed.

## DISCUSSION

### Factual Basis

[¶ 5] Rule 11(f) of the Wyoming Rules of Criminal Procedure states that a trial court should not enter a judgment upon a guilty plea without ensuring that there is a factual basis for the plea. The purpose of the procedural requirement is to prevent a defendant from being misled into a waiver of substantial rights. *Sami v. State*, 2004 WY 23, ¶ 9, 85 P.3d 1014, 1017 (Wyo.2004). Before accepting a guilty plea, the trial court must determine whether: (1) the defendant's acts fell within the conduct prohibited by law; and (2) at the time of the plea, the defendant understood his conduct was criminal. *CSC v. State*, 2005 WY 106, ¶ 10, 118 P.3d 970, 973 (Wyo.2005); *Sami*, ¶ 9, 85 P.3d at 1017. We review the hearing in which a guilty plea is entered as a whole to ensure that all the procedural requirements are satisfied. *Id.*

[¶ 6] Poole contends the district court erred when it found that a sufficient factual basis existed for his plea of guilty to the crime of possession of a firearm by a convicted felon under Wyo. Stat. Ann. § 6–8–102 (LexisNexis 2005). Specifically, he argues that, as a matter of law, the statute requires that he have actual knowledge that he was a convicted felon at the time he possessed the firearm. According to Poole, because he reasonably believed the predicate felony conviction, a 1975 felony aggravated assault conviction in North Dakota, had been pardoned, he did not violate the statute. We disagree.

[¶ 7] Section 6–8–102 states in pertinent part:

Any person who has previously pleaded guilty to or been convicted of committing ... a violent felony ... and has not been pardoned and who ... knowingly possesses any firearm is guilty of a felony. . . .

By its plain language, § 6–8–102 requires proof beyond a reasonable doubt of two elements: (1) the defendant was previously convicted of a violent felony which has not been pardoned; and (2) the defendant thereafter knowingly possessed a firearm. The only mens rea requirement for a conviction is knowledge that the instrument possessed is a firearm. *Carfield v. State*, 649 P.2d 865, 871 (Wyo.1982). No requirement exists that the defendant know his status as a convicted felon. As an obvious consequence, the State is not required to prove, nor is the court required to find, that a defendant have such knowledge. Poole has not provided any authority to the contrary.

[¶ 8] It is undisputed that the factual basis provided by Poole and the State adequately supports the district court's findings that Poole knowingly possessed a firearm and that he was a convicted felon who had not been pardoned. We hold that the requirement of Rule 11(f) was satisfied and the district court did not err by accepting Poole's guilty plea.

### Ineffective Assistance of Counsel

[¶ 9] To warrant reversal on a claim of ineffective assistance of counsel, Poole must establish on the record that counsel's performance was deficient and prejudice resulted. *Reichert v. State*, 2006 WY 62, ¶ 11, 134 P.3d 268, 272 (Wyo.2006). In other words, Poole must demonstrate that, in light of the circumstances, counsel failed to render such assistance as would have been offered by a reasonably competent attorney and that counsel's deficiency prejudiced the defense of the case. *Id.* To establish prejudice in the context of a guilty plea, Poole must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* We invoke a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.; Reyna v. State*, 2001 WY 105, ¶ 19, 33 P.3d 1129, 1134 (Wyo.2001). The burden of overcoming this presumption rests with Poole. *Reichert,* ¶ 11, 134 P.3d at 272.

[¶ 10]  Poole's argument that his counsel was ineffective is premised on Poole's misunderstanding of the elements of § 6–8–102. He faults his attorney for not knowing that he had a viable defense to the firearm charge, *i.e.,* that he believed he had been pardoned and was therefore not a convicted felon when he possessed the firearm. We have already ruled that Poole's ignorance of his status as a convicted felon is not a defense. Counsel's assistance therefore was not constitutionally ineffective as claimed.

## CONCLUSION

[¶ 11]  Despite Poole's argument to the contrary, there is no requirement that a defendant have knowledge of his status as a convicted felon in order to be convicted as a felon in possession of a firearm under § 6–8–102. Poole's conviction on the firearm charge in Docket No. 05–209 is affirmed. Poole's conviction for reckless endangering in Docket No. 05–210 is summarily affirmed because Poole did not present any argument challenging that conviction.